IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,627-02






EX PARTE DAVID SANTIAGO RENTERIA









ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS
FROM CAUSE NO. 20020D00230 IN THE 41ST DISTRICT COURT

EL PASO COUNTY




 Per Curiam. 


O R D E R



 This is an application for a writ of habeas corpus filed pursuant to the provisions of
Texas Code of Criminal Procedure Article 11.071.

 In October 2003, a jury found applicant guilty of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
Article 37.071, and the trial court, accordingly, set applicant's punishment at death. This
Court affirmed applicant's conviction on direct appeal, but reversed and remanded for a new
punishment trial. Renteria v. State, 206 S.W.3d 689 (Tex. Crim. App. 2006). After a new
punishment trial, the trial court again set applicant's punishment at death. This Court
affirmed applicant's sentence on direct appeal. Renteria v. State, No. AP-74,829 (Tex. Crim.
App. May 4, 2011)(not designated for publication).

 Applicant filed his initial post-conviction application for writ of habeas corpus in the
convicting court on January 26, 2006. That application was ultimately forwarded to this
Court where it remains pending. Applicant timely filed in the convicting court his initial
application on his new punishment trial on November 16, 2010, and he timely amended that
application on November 19, 2010. On August 1, 2012, this Court issued an order
instructing the trial court to complete its resolution of the issues in the case and have the
clerk forward the record to this Court within 120 days of the date of that order. One
extension was granted to March 31, 2013.

 On March 11, 2013, applicant filed in the trial court a "Motion to Proceed Under Code
of Criminal Procedure Article 11.071, Section 4." In the motion, applicant argued that the
writ application that had been filed on his behalf in November 2010 was not a proper
application under Ex parte Medina, 361 S.W.3d 633 (Tex. Crim. App. 2011). Therefore, he
argued that the trial court should declare that no application had been timely filed and that
it should recommend to this Court that we appoint new counsel and establish a new filing
date for the filing of a proper habeas application. The trial court did so. 

 However, this case is distinguishable from what occurred in Ex parte Medina. In the
Medina case, counsel for the applicant intentionally and over his own client's complaints
filed a bare bones writ application in an attempt to force this Court to readdress pleading
requirements in writ applications. This is not the situation in the present case.

 Therefore, this case is remanded to the convicting court to resolve the issues raised
in the writ application. The issues shall be resolved within sixty days of the date of this
order, and the clerk shall return the record of the proceedings to this Court within 75 days of
the date of this order.

 IT IS SO ORDERED THIS THE 22nd DAY OF MAY, 2013.

Do Not Publish